UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE | : | CHAPTER 7 |
| WAYNE J. MAISEL | : | |
| ELAINE A. MAISEL, | : | |
| DEBTORS | : | CASE NO. 07-43324-JBR |

**MEMORANDUM OF DECISION ON MOTION FOR RELIEF**

This matter came before the Court on Wells Fargo Bank, National Association's ("Movant") Motion for Relief from Stay and for Leave to Foreclose (Docket #23). Wells Fargo filed the Motion in its capacity as Trustee for Morgan Stanley Capital I, Inc. Trust 2004-OP1 Mortgage Pass-Through Certificates, Series 2004-OP1. The Movant sought relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) on the grounds that the Debtors had failed to make regular monthly mortgage payments to the Lender and had not sought to cure the arrearage or reaffirm the debt. The Movant further sought relief under 11 U.S.C. § 362(d)(2) on the grounds that the Debtors had no equity in the property and the property was not necessary to an effective reorganization.

**FACTS**

Wayne J. Maisel and Elaine A. Maisel ("Debtors") executed and delivered a promissory note and mortgage to Option One Mortgage Corporation in the original principal amount of $227,000.00. (Motion for Relief ¶ 3). The Debtors filed a voluntary Chapter 13 petition and later converted their case to Chapter 7. (Motion for Relief ¶ 2). The Movant filed a Motion for Relief from Stay on October 12, 2007 seeking leave to

foreclose on the mortgage. In its Motion, the Movant stated that it was the current holder of the note and mortgage. (Motion for Relief ¶ 3). The note and mortgage attached to the Motion as exhibits were both in favor of Option One Mortgage Corporation. (Motion for Relief, Exhibits "A" and "B"). The Movant asserted that the Debtors had defaulted on the note and mortgage and that the balance due was $240,988.12. (Motion for Relief ¶ 6). The Movant claimed that the Debtors were in arrears on six of their monthly mortgage payments and based on its estimated liquidation value of the property of $236,595.30, the Movant sought relief pursuant to 11 U.S.C. § 362(d)(1) "for cause" and 11 U.S.C. § 362(d)(2) on the grounds that the Debtors lacked equity in the property. (Motion for Relief ¶¶ 8-9, 11-12).

Because the exhibits attached to the Motion for Relief indicated that Option One Mortgage Corporation was the holder of the note and mortgage, at a hearing held on October 25, 2007 the Court called upon the Movant to justify its position that it had standing to have brought the Motion. Counsel for the Movant presented the Court with an Assignment of Mortgage from Option One Mortgage Corporation to Wells Fargo Bank, National Association, dated October 16, 2007, four days **after** the filing of the Motion for Relief.

## DISCUSSION

Today, more and more homeowners turn to the bankruptcy system for protection when facing financial hardship or impending foreclosure. It is this Court's responsibility to ensure that these debtors receive the full protection of the Bankruptcy Code, including the benefit of an automatic stay, for as long as they are entitled to it. Unfortunately, concomitant with the increase in foreclosures is an increase in lenders who, in their rush

2

to foreclose, haphazardly fail to comply with even the most basic legal requirements of the bankruptcy system. It is the lenders' responsibility to comply, and this Court's responsibility to ensure compliance, with both the substantive and procedural requirements of the Bankruptcy Code. *See In re Foreclosure Cases*, 2007 WL 3232430 (N.D. Ohio 2007). As this Court made clear in its decision in *In re Schwartz*, 366 B.R. 265 (Bankr. D. Mass. 2007), it takes its role in this regard very seriously and will require proof of each element required to obtain relief from stay. The most basic element required to obtain relief from stay is that a movant have standing to bring and prosecute such a motion.

The plain language of section 362 of the Bankruptcy Code requires that one be a "party in interest" to seek relief from stay. "On request of a party in interest and after notice and a hearing, the court shall grant relief from stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay..." 11 U.S.C. § 362(d). The test for whether one is party in interest in the First Circuit is whether a party has a colorable claim to the property. "A party seeking relief from the automatic stay to exercise rights as to property must demonstrate at least a colorable claim to the property." *In re Huggins*, 357 B.R. 180, 185 (Bankr. D. Mass. 2006) (citing *Grella v. Salem Five Cent. Sav. Bank*, 42 F.3d 26 (1st Cir. 1994)). In the case at bar, the Court cannot find from the evidence provided that the Movant had a colorable claim to the property **at the time** the Motion for Relief was filed.

The Movant pointed the Court to a recently decided case from the U.S. District Court for the District of Massachusetts, *Saffran v. Novastar Mortgage, Inc.*, No. 07-40257, slip op. (D. Mass. Oct. 18, 2007), for the proposition that the assignment from

3

Option One Mortgage Corporation to Movant, dated four days after the filing of the Motion for Relief, was sufficient to confer standing upon the Movant and that standing should be assessed at the time of the entry of an order granting relief from stay. The *Saffran* case, however, does not support Movant's position.

In *Saffran*, a debtor had executed a promissory note to Novastar and a mortgage to MERS as nominee for Novastar to secure the note. *Saffran*, No. 07-40257, slip op. at 1-2. Novastar moved for relief from stay on June 18, 2007 and the bankruptcy court allowed its motion. *Id.* at 3. Novastar subsequently acquired the mortgage from MERS via an assignment dated October 8, 2007 that purported to be retroactively effective as of February 5, 2007. *Id.* at 3. Mr. Saffran appealed to the District Court, challenging the bankruptcy court's order granting relief from stay and seeking an emergency motion for stay pending appeal.[1] *Id.* at 4. Mr. Saffran argued that Novastar did not have standing to have sought relief from stay. *Id.* at 5.

The District Court denied the emergency stay because Novastar, having "retained the authority to invoke the statutory power of sale...and to appear in court to protect its financial interests...had sufficient financial interest to have standing to seek relief from stay." *Id.* at 5-6. The court did not hold that standing is assessed at the time of entry of an order granting relief from stay. It is important to recognize that in *Saffran*, Novastar was at all times the holder of the note and had a financial interest in that capacity. In the situation at hand, the Movant was an unrelated third party that had no interest in the

---

[1] The issue of standing in *Saffran* came before the District Court on a motion for stay pending appeal, and since there was not a full evidentiary hearing on the merits, the *Saffran* decision is of limited precedential value.

4

mortgage **or** note until **after** the Motion for Relief was filed and, therefore, Movant did not have standing to seek relief from stay.

Parties seeking relief from stay must be aware that by presenting a motion to the Court, they represent that "the allegations and other factual contentions have evidentiary support…" Fed. R. Bankr. P. 9011(b)(3). The Movant was unable to provide evidentiary support for its allegations when called upon to do so. It is the claimant's burden to bring information regarding the relationships between the parties to the Court. *In re Parrish*, 326 B.R. 708, 720 (Bankr. N.D. Ohio 2005).

> "If the claimant is the original lender, the claimant can meet its burden by introducing evidence as to the original loan. If the claimant acquired the note and mortgage from the original lender or from another party who acquired it from the original lender, the claimant can meet its burden through evidence that traces the loan from the original lender to the claimant. A claimant who is the servicer must, in addition to establishing the rights of the holder, identify itself as an authorized agent for the holder."

*Id.*

Compliance with these rules is not difficult and this Court will require it in order to preserve the rights of debtors. Any motion filed with the Court must be true and have support as of the date of the motion. For example, a movant cannot state that it is the "current holder" of an instrument if it is not. Similarly, this Court has seen motions for relief that state that a debtor is in post-petition default where the last payment was due prepetition, or allege that the Debtor will be in default by the time of any hearing; these types of allegations are unacceptable to this Court. Lenders must take care in their haste to obtain relief from stay to ensure that the factual statements they make in their motions are true, have evidentiary support and support their claims.

5

## CONCLUSION

As the Debtors indicated their intent to surrender the property, the Motion for Relief was GRANTED on October 25, 2007.

Dated: November 15, 2007                    By the Court,

*Joel B. Rosenthal*

---
Joel B. Rosenthal
United States Bankruptcy Judge